## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JULIANA GOMEZ-CRUZ | * |
| 3418 42nd Avenue | * |
| Brentwood, Maryland 20722 | * |
| | * |
| PLAINTIFF, | * |
| | * |
| v. | *     Case No.: |
| | * |
| CORNERSTONE CAFÉ, INC. | * |
| 1501 M Street, NW | * |
| Washington, DC 20005 | * |
| | * |
| SERVE: YENY FOETES | * |
| 3900 16th Street, NW, Suite 506 | * |
| Washington, DC 20011 | * |
| | * |
| And | * |
| | * |
| DAE "DAVID" WOONG KIM | * |
| 1501 M Street, NW | * |
|     Washington, DC 20011 | * |
| | * |
| And | * |
| | * |
| KOOKHEE PARK | * |
| A/K/A KOOKIE KIM | * |
| 1501 M Street, NW | * |
| Washington, DC 20011 | * |
| | * |
| DEFENDANTS. | * |

************************************************************************

## COMPLAINT

Plaintiff Juliana Gomez-Cruz ("Plaintiff"), by and through her undersigned counsel,

hereby brings this suit against the Defendants Cornerstone Café, Inc. ("Cornerstone Café"), Dae

"David" Woong Kim ("Mr. Kim"), and Kookhee Park a/k/a Kookie Kim ("Ms. Kim")

(collectively, "Defendants"), and for grounds states as follows:

### Parties and Jurisdiction

1.     Plaintiff is an adult resident of Prince George's County, Maryland.

2.     Defendant Cornerstone Café is a corporation formed under the laws of the District

of Columbia with its principal place of business in Washington, DC and its principal business being the operation of a buffet and carryout restaurant specializing in international food.

3.    Defendant Ms. Kim is, on information and belief, an adult resident of the Commonwealth of Virginia.

4.    Defendant Mr. Kim is, on information and belief, an adult resident of the District of Columbia.

5.    During Plaintiff's Tenure of Employment, Defendants Ms. Kim and Mr. Kim were each an owner, agent, and/or principal of Cornerstone Café who, in whole or part, designed, implemented, and/or approved the payroll practices which have resulted in Defendants' failure to pay Plaintiff at the required overtime rate of pay for hours worked in excess of 40 per week.

6.    During Plaintiff's Tenure of Employment, Defendants Ms. Kim and Mr. Kim each had the power to hire and fire employees, including Plaintiff.  Defendants Ms. Kim and Mr. Kim, as the owners and managers of Cornerstone Café, were the ultimate authorities within the company with regard to supervising and controlling Plaintiff's work schedules and conditions of employment, Plaintiff's rate of pay, and for maintaining employment records of the Plaintiff.

7.    During Plaintiff's Tenure of Employment, Defendants Ms. Kim, Mr. Kim, and Cornerstone Café each qualified as Plaintiff's employer or employers within the meaning of the Federal and District of Columbia wage and hour laws.

8.    Plaintiff's principal claims are made under the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), the D.C. Minimum Wage Act Revision Act of 1992, D.C. Code §§ 32-1001 *et seq.* ("DCMWA"), and the D.C. Wage Payment and Wage Collection Act, D.C. Code §§ 32-1301 *et seq.* ("DCWPA").

9.    By acting as the named Plaintiff in this action, Plaintiff does hereby affirm her

2

consent to participate as a Plaintiff in a claim seeking relief under the FLSA and all District of Columbia wage and hour laws.

10.     Plaintiff is a former employee of the Defendants.  She was employed by Defendants from approximately October 1, 2004 until her employment was terminated on approximately November 7, 2017.

11.     Pursuant to the preceding, this Court has personal jurisdiction of the Defendants, has subject matter jurisdiction of the claims pursuant to 28 U.S.C. § 1331, constitutes proper venue pursuant to 28 U.S.C. § 1391, and has supplemental jurisdiction of the related state law claims pursuant to 28 U.S.C. § 1367.

### General Allegations

12.     While employed by Defendants, the exact number of hours Plaintiff worked each week varied slightly from week to week.

13.     While employed, Plaintiff typically and customarily worked at or about forty-five (45) to forty-eight (48) hours per week.

14.     At all times during Plaintiff's employment, Defendants had knowledge of all hours Plaintiff worked and directed Plaintiff to work about forty-five (45) to forty-eight (48) hours per week.

15.     For the period of about October 2004 through about June 2008, Defendants paid Plaintiff a flat salary of $400.00 per week.

16.     For the period of about July 2008 through about September 2015, Defendants paid Plaintiff a flat salary of about $420.00 per week.

17.     For the period of about October 2015 through about November 7, 2017, Defendants paid Plaintiff a flat salary of about $440.00 per week.

18.     At no time did Plaintiff and Defendants discuss or agree that Plaintiff was paid

3

any particular hourly rate for hours Plaintiff worked each week.

19.    At no time did Plaintiff and Defendants discuss or agree that Plaintiff was paid at a time-and-one half overtime rate for hours Plaintiff worked over forty (40) each week.

20.    At no time did Defendants pay Plaintiff wages at the time-and-one-half rate for overtime hours Plaintiff worked over forty (40) each week.

21.    While employed, Plaintiff was primarily responsible for preparing food, cooking, replenishing food buffet items, cleaning, washing dishes, taking customer orders, and providing customer service as needed.

22.    During Plaintiff's period of employment, Defendants used no timekeeping system whatsoever.

23.    During Plaintiff's period of employment, Plaintiff typically and customarily worked Monday through Friday from between about 5:45 AM - 6:00 AM to between about 3:00 PM - 3:30 PM.

24.    At all times during Plaintiff's employment, Plaintiff worked her entire daily shift with no break, rest, or meal period that lasted more than five (5) minutes.

25.    Throughout her Tenure of Employment, Plaintiff's compensation was paid each week partially in cash and partially by check.  Out of these payments, Defendants purportedly withheld money from Plaintiff's gross pay for FICA taxes and income taxes on the check portion of the weekly compensation.

26.    During her employment, Defendants did not provide Plaintiff with a paystub showing the deductions, but rather Defendants gave Plaintiff a check for a net amount after purported deductions.

27.    Plaintiff was never provided with a paystub or any report of the hours she worked and the wages she was paid.

28.     The weekly salary Defendants paid to Plaintiff was less than the required hourly minimum wage under District of Columbia law.

29.     Since at least October 1, 2004, the Defendants failed to post in the workplace at Cornerstone Café the notice of employee rights under the FLSA that is required pursuant to 29 C.F.R. § 516.4. Defendants also failed to post the notices of employee rights required by District of Columbia employment laws.

30.     Plaintiff had no knowledge concerning her rights under the FLSA, the avenues available to inquire about claims under the FLSA, or the right to be free of retaliation for pursuing claims for violations of the FLSA before the November 2017, when the Plaintiff first met with an attorney after her employment terminated.

31.     Until November 2017, Plaintiff also had no knowledge concerning her rights under the DCMWL or the DCWPCL, the avenues available to inquire about claims under the DCMWL or the DCWPCL, or the right to be free of retaliation for pursuing claims for violations of the DCMWL or the DCWPCL.

32.     At all times during Plaintiff's Tenure of Employment, Defendants had actual knowledge of the District of Columbia and Federal Minimum Wage and Overtime laws and had actual knowledge the rate and method by which Defendants paid Plaintiff was in direct violation of Plaintiff's rights to receive wages under Federal and District of Columbia law.

33.     At all times during Plaintiff's Tenure of Employment, Defendants, through words and actions, misinformed and mislead Plaintiff about her rights to Federal and District of Columbia minimum wage and overtime compensation preventing Plaintiff from acting earlier to recover unpaid wages under Federal and District of Columbia law.

34.     Pursuant to the allegations set forth herein, Plaintiff is invoking the doctrine of equitable tolling and, accordingly, is placing the Defendants on notice that she is pursuing her

claims for unpaid overtime and minimum wages for the entire period of her employment ("Claim Period").

## CAUSES OF ACTION

### COUNT I
### Violation of Federal Fair Labor Standards Act

35.     Plaintiff re-alleges and reasserts each and every allegation set forth above as if each were set forth herein.

36.     The FLSA required Defendants to pay Plaintiff for non-overtime hours at an hourly rate at least equal to the Federal Minimum Wage and for overtime hours at the FLSA required time-and-one-half rate.

37.     As set forth above, Defendants failed to pay Plaintiff overtime compensation in compliance with the FLSA requirements.

38.     Defendants' failure to pay Plaintiff as required by the FLSA was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff under Count I for all unpaid wages in such an amount as is proven at trial, liquidated damages as provided by Federal law, interest (both pre- and post- judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

### COUNT II
### Violation of D.C. Minimum Wage Act Revision Act of 1992

39.     Plaintiff re-alleges and reasserts each and every allegation set forth above as if each were set forth herein.

40.     The DCMWA required Defendants to pay Plaintiff for non-overtime hours at an hourly rate at least equal to the District of Columbia Minimum Wage and for overtime hours at the DCMWA required time-and-one-half rate.

41.     As set forth above, Defendants failed to pay Plaintiff at a rate at least equal to the

District of Columbia Minimum Wage for non-overtime hours worked per week and failed to pay Plaintiff overtime compensation in compliance with the DCMWA requirements for overtime hours worked over forty (40) per week.

42.    Defendants' failure to pay Plaintiff as required by the DCMWA was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff under Count II, for all unpaid wages in such an amount to be proven at trial, plus liquidated damages as provided by District of Columbia law (quadruple damages), interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this Court deems appropriate.

## COUNT III
### DCWPA

43.    Plaintiff re-alleges and reasserts each and every allegation set forth above as if each were set forth herein.

44.    Under the DCWPA, Defendants were obligated to pay Plaintiff all wages earned and owed for work that Plaintiff performed.

45.    "Wages" pursuant to DCWPA (DC Code § 32–1301(3)), "includes a: (A) Bonus; (B) Commission; (C) Fringe benefits paid in cash; (D) Overtime premium; and (E) Other remuneration promised or owed: (i) Pursuant to a contract for employment, whether written or oral; (ii) Pursuant to a contract between an employer and another person or entity; or (iii) pursuant to District or Federal law."

46.    Plaintiff performed work duties for Defendants' benefit as set forth above for which Defendants failed to pay Plaintiff all wages earned, promised, and required by agreement between the parties and by Federal and District of Columbia law.

47.    Defendants owe Plaintiff wages for work duties performed as set forth above.

48.    Defendants' failure to pay Plaintiff wages as set forth above constitutes a

7

violation of Plaintiff's right to receive wages as guaranteed by the DCWPA.

49.     Defendants' failure to pay Plaintiff all wages earned, owed, and required by law as required by Federal and District of Columbia law and the DCWPA was knowing, willful and intentional, was not the result of any *bona fide* dispute between Plaintiff and Defendants, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff under Count III, for all unpaid wages in such an amount to be proven at trial, plus liquidated damages as provided by statute (quadruple damages), interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this Court deems appropriate.

Respectfully submitted,

Dated: May 14, 2018

Gregg L. Greenberg, Bar No. MD17291
Zipin, Amster & Greenberg, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
(301) 587-9373 (ph)
Email:  GGreenberg@ZAGFirm.com

Roberto N. Allen, Esq. (Pro hac vice
motion to be filed)
The Law Offices of Roberto Allen, LLC
3915 National Drive, Suite 320
Burtonsville, Maryland 20866
(301) 861-0202
Email:  rallen@robertoallenlaw.com

*Counsel for Plaintiff*